

FILED
JUN 26 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CV 12-77-M-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE UNIVERSITY OF MONTANA, | ) | |
| | ) | |
| Defendant. | ) | |

    There have been at least five prosecutions alleging sexual assault under the Student Conduct Code of the University of Montana in the last five months; this case arises out of one of them. Plaintiff John Doe, a University student, challenges a disciplinary proceeding currently underway at the University, in which he is accused of violating the Student Conduct Code by sexually assaulting a fellow student at an off-campus residence. Plaintiff Doe filed this action seeking a preliminary injunction prohibiting the University from going forward with a

-1-

University Court proceeding against him. On May 10, 2012, this Court issued an Order denying Doe's request for a temporary restraining order, but granting Doe's motion to proceed anonymously and for a protective order sealing the case file. The University Court proceeding took place as scheduled and resulted in a 5-2 vote finding Doe guilty of violating the Student Conduct Code. The University Court voted 7-0 to impose the punishment of expulsion. In light of these events, this Court expressed doubts as to whether there remain viable claims to be adjudicated in this federal action, and as to the continued propriety of maintaining this case under seal. After hearing the arguments of the parties, this Court is convinced that neither this case, nor the secrecy surrounding it, can continue.

Plaintiff Doe's Complaint alleges three Counts: a violation of Doe's rights under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 (Count I); a breach of contract claim (Count II); and a federal Equal Protection claim (Count III). Doe claims he was subject to a biased investigation and that the University imposed a lower standard of proof at his University Court proceeding than is called for under the Student Conduct Code in effect at the time of the alleged violation. The only relief sought in Doe's Complaint is an injunction prohibiting the University Court proceeding from going forward. That proceeding has now occurred, and a decision has been rendered. On the face of the Complaint

as currently pled, no further relief is available for Doe in this Court. It was for this reason that the Court instructed the parties to show cause why this action should not be dismissed as moot. "When the possibility of injury to the plaintiffs ceases, the case is rendered moot and [the court lacks] jurisdiction to decide it." American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1062 (9th Cir. 2012).

Having been advised of the Court's concern that it no longer has subject matter jurisdiction over this action, Plaintiff Doe moved to dismiss the Complaint without prejudice in open court on June 22, 2012. The University did not oppose the motion. Accordingly, this action will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

There is one outstanding matter that must be addressed before this case is dismissed, and that is the status of the case file. The Court sealed the file in its May 10, 2012, Order, granting Plaintiff Doe's unopposed motion for a protective order. The Court gave the following explanation for granting the motion:

> At this stage, the Court finds that a protective order is justified because there is still an anonymous accuser in the underlying action, and because this federal case arises from a closed University disciplinary proceeding in which all parties are entitled to confidentiality. In light of the outcome on the motion for temporary restraining order, all that would be achieved by requiring Doe to proceed publicly at this stage would be the embarrassment of all parties involved. The protective order is issued based on the current posture of this case, and may be revisited and revised or withdrawn

should this litigation proceed.

Doc. No. 11 at 11.

The next document filed in this case was a stipulated motion to modify the Court's protective order to allow Plaintiff Doe's counsel to provide a copy of the Court's May 10, 2012, Order to the Missoula County Attorney. Despite repeated requests from the Court for an explanation as to why such a selective modification of the protective order is warranted, the parties have offered no support for the request other than to indicate at the June 22, 2012, hearing that the Missoula County Attorney has requested the document. From the Court's perspective, it is impossible to consider the pending request for modification of the protective order without also re-examining the original basis for the protective order and whether the reasons for sealing this file remain persuasive.

Therefore, the Court now revisits its Order sealing the file. In addressing this issue, it is useful to begin with a brief summary of the state of the law on public access to federal court proceedings. The general public has a presumptive common-law right to inspect and copy judicial records and documents so as to satisfy "the citizen's desire to keep a watchful eye on the workings of public agencies[.]" Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). The public's right of access is not absolute, however, and may yield in certain

instances where there is a clear risk that the contents of the court's file will be used for an improper purpose. Id. at 598. Protective orders have been upheld, for example, where public access would divulge information harmful to a litigant's competitive standing in business, expose minor victims of sex crimes to further trauma, jeopardize the privacy of jurors,[1] facilitate abuse of the civil discovery process, or alert a criminal suspect to the existence of an unexecuted search warrant. In re McClatchy Newspapers, Inc., 288 F.3d 369, 374 (9th Cir. 2002) (collecting cases). However, "injury to official reputation is an insufficient reason 'for repressing speech that would otherwise be free.'" Id. (quoting Landmark Communications, Inc. v. Virginia, 435 U.S. 829, 841-42 (1978)).

A party seeking a protective order must justify the request with a showing of "good cause." Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002); Fed. R. Civ. P. 26(c). The "good cause" standard requires the party seeking protection to show that "specific prejudice or harm will result if no protective order is granted." Id. at 1210-11. Whether a protective order is called for, and what degree of protection is necessary, are questions committed to the "broad discretion o[f] the trial court." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36

---

[1] The Court believes that the members of the University Court served in a capacity analogous to that of jurors.

(1984).

Throughout this litigation the parties have failed to justify their request for secrecy with reference to the existing case law. Both sides have cited concern for the anonymity of the accuser in the Student Conduct Code proceeding, and Plaintiff Doe has forcefully argued that he too should be afforded the opportunity to proceed anonymously. For the reasons first articulated in the May 10, 2012, Order, the Court agrees that the confidential nature of the University's disciplinary proceeding justifies the protection of the privacy of the individual students involved, including the accuser, the accused, witnesses to the alleged events, and the members of the University Court. But the need for individual privacy does not justify sealing this entire case file. That greater degree of protection must be supported by a separate and compelling showing of good cause beyond the mere need to protect the students who are parties to a confidential proceeding from undue harassment or embarrassment. Neither party has satisfied this standard.

Plaintiff Doe argues this case should be kept sealed because if the contents of the file are made public, it may influence the decisionmaking of law enforcement officials with regard to any investigation or potential criminal prosecution of Plaintiff Doe. That is not a sufficient reason to seal this case under the good cause standard requiring a showing of specific prejudice or harm to the

party seeking protection. The Missoula County Attorney, like all other prosecutors in Montana, is subject to a binding ethical responsibility to charge only those cases that are supported by probable cause. See Rule 3.8(a), Montana Rules of Professional Conduct. The determination whether to charge Plaintiff Doe with a crime must be made based on the investigative record available to the prosecutor, and without consideration for or reference to the outcome of a university administrative disciplinary proceeding, and certainly without regard for the contents of the case file in an ancillary federal civil case. Plaintiff Doe's argument requires the Court to assume that a prosecutor will breach his or her ethical obligations, and such speculation lacks the specificity of harm that is necessary for a showing of good cause. Moreover, Plaintiff Doe's identity remains protected, which should eliminate any risk that he will suffer adverse criminal consequences if this case is unsealed.[2]

The University has likewise steadfastly argued that this case should be sealed, but has not offered a justification beyond concern for the privacy of the accuser. The Court is aware that the University's Student Code of Conduct mandates that all disciplinary proceedings remain confidential, but in the Court's

---

[2] Left unanswered in this Order is the threshold question of whether the University Court proceedings would ever be relevant or admissible in any criminal prosecution.

judgment the only legitimate basis for such secrecy is to protect the privacy of the individual students involved. The University of Montana is a public institution, and while there may be good reasons to keep secret the names of students involved in a University disciplinary proceeding, the Court can conceive of no compelling justification to keep secret the manner in which the University deals with those students. Although the University has not explicitly argued that unsealing the file will do harm to the official reputation of any University personnel, such a concern is an insufficient legal basis to justify sealing this case in any event. <u>McClatchy Newspapers</u>, 288 F.3d at 374.

Reduced to its essence, the joint request to keep this case file sealed reflects a determination by the parties, based on their respective individual interests, that they will mutually benefit from maintaining the secrecy of this federal proceeding. This approach was evident at the June 22, 2012, hearing, when the discussion turned to the Missoula County Attorney's role in the pending motion to modify the protective order. Plaintiff Doe stated that the County Attorney has requested a copy of the Court's May 10, 2012, Order, and that Doe wishes to satisfy that request. Thus, in Doe's judgment, his interest in keeping this matter sealed yields to his superseding interest in satisfying the County Attorney. And the mere fact that the County Attorney is aware of this case means that somehow, someone has

notified the County Attorney of the existence of this sealed proceeding, leading this Court to conclude that its original Order sealing this record may have been an exercise in futility.

During the same hearing, the University offered a guarded answer when asked by the Court if the University had supplied the County Attorney with documents related to the Student Conduct Code proceeding. This failure by the University to answer a relevant and important question left the Court with the impression that it, too, was being supplied with selective information.

In short, both parties want this case sealed to protect their privacy interests and reputations, but also want the case to be selectively unsealed when it will serve their interests for other reasons.

This is an approach that clearly favors the litigants, and the Court cannot fault the parties and their counsel for their zealous advocacy. But lost in all of this is the valid and compelling interest of the people in knowing what the University of Montana is up to. It has been established that the prevalent and long-standing approach of the federal courts is to reject secret proceedings. There are very few exceptions to this rule. The principle of openness in the conduct of the business of public institutions is all the more important here, where the subject matter of the litigation is a challenge to the administrative disciplinary process of a state

university.

This is an open forum to participants and observers alike, and must remain so, as transparency is crucial to the legitimacy of a public institution. The Court finds no good cause exists for a protective order continuing to seal this case, and therefore the file must be unsealed. With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names. See Does I-XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068-69 (9th Cir. 2000). Accordingly, any identifying information as to those individuals will be redacted in the unsealed case file.[3]

By unsealing this matter, the Court relinquishes control over the contents of the case file and with it the ability to insure that the information therein is not misused to "promote public scandal." Nixon, 435 U.S. at 598 (quoting In re Caswell, 18 R.I. 835, 836 (1893)). With regard to what is done with the contents of this file once it becomes public, it is worth noting the observations of the Ninth

---

[3] These redactions include a handful of dates surrounding the underlying events, which if disclosed would possibly result in the identification of the individuals whose anonymity the Court seeks to protect.

Circuit in McClatchy Newspapers:

> A decent newspaper will not publish [the witness'] accusations without also publishing the skepticism of [the witness'] credibility shared by the district judge and the office of the United States Attorney. If less scrupulous papers omit these significant doubts, these papers themselves will be of a character carrying little credibility.

288 F.3d at 374. The Court comes to this decision having given careful consideration to the United States Supreme Court's holding that a federal court need not "permit [its] files to serve as reservoirs of libelous statements for press consumption." Nixon, 435 U.S. at 598. This Court can only hope that the media will disseminate the contents of the Court file in a prudent and even-handed manner.

Based on the foregoing, IT IS HEREBY ORDERED:

1. The parties' stipulated motion to modify the protective order sealing this case (Doc. No. 12) is DENIED;

2. The parties' respective motions to substitute redacted documents (Doc. Nos. 18 and 19) are DENIED as moot in light of the Court's decision to unseal the case file;

3. Plaintiff Doe's unopposed motion to dismiss this action without prejudice is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(a)(2);

4. The Clerk of Court is directed to make the entire case file available to the public as an attachment to this Order, subject to Court-imposed redactions to preserve the anonymity of Plaintiff Doe, the accuser in the underlying proceeding, any witnesses in the underlying proceeding, and the members of the University Court.

DATED this 26th day of June, 2012.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United State District Court